UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ONLINE PUBLICATION ONLY

-----------------------------------------------------------------x
THE PORT AUTHORITY OF NEW
YORK AND NEW JERSEY,

                          Plaintiff,

MEMORANDUM AND ORDER

      -against-

10-CV-99 (JG)

AMERICAN STEVEDORING, INC.,

                          Defendant.
-----------------------------------------------------------------x
A P P E A R A N C E S:

    SAIBER, LLC
        18 Columbia Turnpike, Suite 200
        Florham Park, New Jersey 07932
    By:    Michael J. Geraghty
        *Attorneys for Plaintiff*

    SZAFERMAN, LAKIND, BLUMSTEIN & BLADER, P.C.
        101 Grovers Mills Road, Suite 200
        Lawrenceville, New Jersey 08648
    By:    Janine G. Bauer
        *Attorneys for Defendant*

JOHN GLEESON, United States District Judge:

        The Port Authority of New York and New Jersey brought this action in New York state court against American Stevedoring, Inc., its tenant at Piers 9 and 10 of the Red Hook marine terminal in Brooklyn, seeking ejection and $2 million in unpaid rent and use and occupancy charges. American Stevedoring removed the action to this court on the asserted basis of federal question jurisdiction. 28 U.S.C. § 1441(b). The Port Authority, disputing subject matter jurisdiction, moves to remand the action. For the reasons set forth below, the motion is granted.

## BACKGROUND

In April of 2008, American Stevedoring entered into a new lease agreement with the Port Authority for Piers 9 and 10 of the Red Hook marine terminal in Brooklyn. At these piers, American Stevedoring employees transfer international cargo from incoming ships to barges that carry the cargo across New York Harbor to the Port of Newark. Upon arrival in Newark, other employees unload the cargo for shipment by truck or rail to its final destination.

In early 2009, American Stevedoring stopped paying rent and other charges to the Port Authority as required by the lease agreement. American Stevedoring claims it is entitled to withhold these payments because the Port Authority has refused to subsidize the cost of operating the barges used to transport goods across the harbor and because the Port Authority has favored other ports and marine terminal operators, in violation of the Shipping Act of 1984, 46 U.S.C. App. § 1701 *et seq*.

On August 25, 2009, the Port Authority notified American Stevedoring that it was terminating the lease as of September 2, 2009 for failure to pay rent and other charges due since January 2009. The Port Authority also informed American Stevedoring that if it did not vacate the piers by that date, the Port Authority would commence a summary ejectment action in New York state court. American Stevedoring nevertheless continued operating at the piers, and on December 14, 2009, the Port Authority filed suit in the Commercial Part of the Civil Court of the City of New York, Kings County, seeking a warrant of removal and damages.

American Stevedoring removed the action to this Court on January 11, 2010 on the basis of federal question jurisdiction. The Port Authority timely filed a motion to remand on February 10, 2010. Oral argument occurred on March 11, 2010.

DISCUSSION

A defendant generally may remove an action filed in state court to federal district court if the plaintiff could have filed the action in federal court. 28 U.S.C. § 1441(a). Thus, a defendant may remove an action that a plaintiff could have commenced in federal court on the basis of federal question jurisdiction. *Id.* § 1441(b). But there are exceptions to this rule. For example, although an out-of-state plaintiff can invoke diversity jurisdiction to sue a defendant in federal court in his home state, a defendant sued by an out-of-state plaintiff in state court in his home state may not remove the action to federal court. *Id.* This case concerns another exception to this rule: a defendant may not remove a maritime action seeking a state law remedy even if the plaintiff could have brought the action in federal court on the basis of admiralty jurisdiction.

This exception derives from the text of 28 U.S.C. § 1333(1), which states that "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil case of admiralty or maritime jurisdiction, *saving to suitors in all cases all other remedies to which they are otherwise entitled*." (emphasis added). The qualifying "saving clause" confirms and preserves concurrent state court jurisdiction over admiralty matters in which the plaintiff seeks remedies afforded by the common law rather than admiralty law. *See Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 372 (1959). As the Supreme Court has noted, no statute authorizing removal jurisdiction has ever permitted the removal of "saving clause" cases. *Id.* at 363 n.16. Consequently, "'[c]ourts have consistently interpreted the 'savings clause' to preclude removal of maritime actions brought in state court and invoking a state law remedy, provided there is no independent basis for removal' such as the presence of a federal question or diversity of citizenship." *Oklahoma ex rel. Edmondson v. Magnolia Marine*

*Transport Co.*, 359 F.3d 1237, 1241 (10th Cir. 2004) (quoting *In re Chimenti*, 79 F.3d 534, 537 (6th Cir. 1996).

The Port Authority's suit against American Stevedoring seeks a summary eviction proceeding pursuant to New York statutory law and a warrant of removal and damages on the basis of common law rights created by the parties' lease agreement. Because it invokes remedies only under New York law, it is a suit to which the "saving clause" applies. Therefore, as American Stevedoring concedes, even assuming that it could have been brought in federal court on the basis of admiralty jurisdiction, it cannot be removed unless there is an independent basis for removal.

American Stevedoring contends that there is an independent basis for removal: federal question jurisdiction. Whether such jurisdiction exists is governed by the "well-pleaded complaint rule." *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Under that rule, federal question jurisdiction is present only if a question of federal law appears on the face of the plaintiff's properly pleaded complaint. *Id.* The rule, it is often said, makes the plaintiff the master of his claim; he may evade federal jurisdiction by relying only on state law. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Applying this rule, the Port Authority's suit, which refers only to New York law, cannot sustain federal question jurisdiction.

American Stevedoring sidesteps this conclusion by arguing that the lease agreement at issue is a maritime contract governed by federal maritime law. According to American Stevedoring, "[a] federal question therefore exists on the face of the [Port Authority's] complaint." Whether the lease agreement is a maritime contract, and if so, whether it is governed by state law or federal maritime law, are not easy questions. *See Norfolk S. Rwy. v. Kirby*, 543 U.S. 14, 23 (2004) ("Our cases do not draw clean lines between maritime and

4

nonmaritime contracts."); *Kossick v. United Fruit Co.*, 365 U.S. 731, 735-36 (1961) ("[A] contract to repair or to insure a ship is maritime, but a contract to build a ship is not. . . . The principle by reference to which the cases are supposed to fall on one side of the line or the other is an exceedingly broad one.") (internal citations omitted); *see also Norfolk S.*, 543 U.S. at 22-23 (reiterating that federal law controls the interpretation of a maritime contract only if the dispute is not "inherently local").

But I need not wade into those murky waters. Even assuming that the lease is a maritime contract governed by federal maritime law, this Court could not assert federal question jurisdiction over this suit because a claim under federal maritime law is not a "a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b); *see* 28 U.S.C. § 1331; *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 368 (1959). Of course, "[i]t is the Constitution that it is the ultimate source of all 'judicial Power' . . . so 'all Cases of admiralty and maritime Jurisdiction' arise under the Constitution in the sense that they have constitutional sanction. But they are not 'Cases, in Law and Equity, arising under this Constitution, the Laws of the United States . . . .'" *Romero*, 358 U.S. at 368. The Supreme Court has expressly cautioned that federal question jurisdiction should not be construed to subsume admiralty jurisdiction when determining the propriety of removal: "[T]he historic option of a maritime suitor pursuing a common-law remedy to select his forum, state or federal, would be taken away by an expanded view of § 1331, since saving-clause actions would then be freely removable under § 1441 . . . ." *Id.* at 371-72.

Since American Stevedoring offers no other reason why the Port Authority's complaint would support federal question jurisdiction or any other basis for the suit to be properly removable to this Court, it has failed to carry its burden of demonstrating federal

5

subject-matter jurisdiction. *See Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009). Nevertheless, this case is not, in my judgment, an appropriate one for an award pursuant to 28 U.S.C. § 1447(c) for costs and expenses incurred by the Port Authority a result of removal. Accordingly, that request is denied.

## CONCLUSION

The motion to remand is granted. The Clerk of the Court is respectfully directed to remand the case to the Commercial Part of the Civil Court of the City of New York, Kings County.

So ordered.

John Gleeson, U.S.D.J.

Dated: March 16, 2010
    Brooklyn, New York